UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'  JS-6

Case No.  2:23cv06841-DDP (MARx)  Date: January 18, 2024

Title  _MAR;YAM HADIEKHAN v. RENA BITTER; ET AL._

Present: The Honorable:  DEAN D. PREGERSON, U.S. DISTRICT JUDGE

| Catherine Jeang | Not Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) – MOTION TO DISMISS [10] (Filed November 6, 2023)

 Defendants' Motion to Dismiss (Dkt. 10) is GRANTED. As an initial matter, "[a]lthough the INA does not set a deadline for consular officers to review and adjudicate visa applications, defendants have a duty to act within a reasonable time." Iqbal v. Blinken, No. 223CV01299KJMKJN, 2023 WL 7418353, at *6 (E.D. Cal. Nov. 9, 2023) (citing 5 U.S.C. § 555). Indeed, "courts routinely assess the reasonableness of the pace of agency action under the APA." Chen v. Heinauer, No. C07-103RSL, 2007 WL 1468789, at *5 (W.D. Wash. May 18, 2007) (internal quotation marks omitted); see also Khan v. Johnson, 65 F. Supp. 3d 918, 926 (C.D. Cal. 2014) As some courts have noted, Defendants' contention that no duty to adjudicate a petition attaches until an interview is complete would "leave[] plaintiffs in a catch-22: . . . to formally apply for an immigrant visa, they must appear for an interview, which they cannot do until defendants schedule the interview." Iqbal, 2023 WL 7418353, at *7. Thus, the statutory interpretation defendants put forth would lead to absurd results. See id.

 Nevertheless, the TRAC factors weigh in favor of dismissal. See Vaz v. Neal, 33 F.4th 1131, 1137 (9th. Cir. 2022). Of these, "whether the time for agency action has been reasonable" is the most important. Id. (quoting Nat. Res. Def. Council, Inc. v. EPA, 956 F.3d 1134, 1139 (9th Cir. 2020)). Typically, unreasonable delays are measured in years, not months. In re A Cmty. Voice, 878 F.3d 779, 787 (9th Cir. 2017). In some immigration contexts, courts in this circuit have found delays of several years to be not unreasonable. See, e.g., Siwen Zhang v. Cissna, No. CV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'   JS-6

Case No.    2:23cv06841-DDP (MARx)                                             Date: January 18, 2024

Title     MAR;YAM HADIEKHAN v. RENA BITTER; ET AL.

18-9696-MWF (JCX), 2019 WL 3241187, at *5 (C.D. Cal. Apr. 25, 2019).  This Court, however, need not determine the reasonableness of such extensive delays, as Plaintiff here filed suit after a delay of less than one year.  In the I-130 context, courts have recognized that "[a] matter of months does not constitute unreasonable delay."  Throw v. Mayorkas, No. 3:22-CV-05699-DGE, 2023 WL 2787222, at *4 (W.D. Wash. Apr. 5, 2023) (collecting cases); see also Poursohi v. Blinken, No. 21-CV-01960-TSH, 2021 WL 5331446, at *5 (N.D. Cal. Nov. 16, 2021) (eighteen months delay not unreasonable).  The other TRAC factors also weigh in favor of dismissal, or are neutral.  See Vaz, 33 F.4th at 1137.  For these reasons, Defendants' Motion to Dismiss is GRANTED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | CMJ |